UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLAIRE DEES,

    Appellant,

v.

NEW REZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING AS SERVICER FOR THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CWALT, INC., ALTERNATIVE LOAN TRUST 2005-51M MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-51,

    Appellee.

CIVIL ACTION NO.:
1:19-CV-05543-JPB

## ORDER

This matter is before the Court on Claire Dees's ("Appellant") Bankruptcy Appeal. This Court finds as follows:

### BACKGROUND AND PROCEDURAL HISTORY

On May 23, 2019, Appellant filed a Voluntary Petition for Individuals Filing for Bankruptcy ("Petition")—her fourteenth bankruptcy action in the past nine years—in the Bankruptcy Court for the Northern District of Florida ("Florida Bankruptcy Court"). [Doc. 3-1]. Shortly after the filing, Appellant was advised

that her Petition contained various deficiencies and was missing multiple schedules. [Doc. 3-10, p. 1].

On July 5, 2019, New Rez LLC ("Appellee"), who asserted that it was the servicer for Bank of New York Mellon, filed its Motion for Prospective Relief from Automatic Stay. [Doc. 3-16, p. 1]. Before the motion was ruled upon, however, on January 8, 2020, the Florida Bankruptcy Court transferred Appellant's Petition to the Bankruptcy Court for the Northern District of Georgia ("Georgia Bankruptcy Court"). [Doc. 3-81, p. 1]. First and foremost, the Florida Bankruptcy Court acknowledged that Appellant's Petition was a blatant attempt of improper forum shopping that would not be tolerated. [Doc. 3-85, p. 16]. Also, it meticulously detailed Appellant's previous bankruptcy filings. Specifically, the Florida Bankruptcy Court noted that Appellant had filed a total of fourteen bankruptcy cases, each for the purported purpose of pursuing a refund for what Appellant argued is an invalid debt (the mortgage on her home)—the same debt that Appellee allegedly services. Id. at 2. Of the fourteen cases, all but two were dismissed because Appellant failed to file the required schedules, a Chapter 13 bankruptcy plan or make any plan payments. Id. at 2-8. Even in Appellant's most recent bankruptcy filing, she waited almost four months after the case commenced to file any schedules or a bankruptcy plan. Id. at 9.

On November 20, 2019, the Georgia Bankruptcy Court held an evidentiary hearing on Appellee's Motion for Prospective Relief from Automatic Stay. Before and during the hearing, the Georgia Bankruptcy Court made clear that it would rely on the findings of fact contained in the Transfer Order regarding Appellant's previous bankruptcy filings unless Appellant could prove other facts. [Doc. 3-112, p. 6]. Instead of addressing the previous bankruptcy filings, Appellant primarily argued that Appellee needed to provide "strict proof" that it holds an alleged note and that the mortgage is valid. Id. at 9. Appellant essentially argued that Appellee does not own the mortgage or have standing to enforce it, and therefore its motion should not be granted. Id. The Georgia Bankruptcy Court determined that the issue before it was not whether Appellee held the mortgage. Instead, the pertinent issue, in the court's view, was whether there had been a lengthy series of bankruptcy cases which have been filed to prevent whoever holds the mortgage from foreclosure. Id. at 26. Ultimately, the Georgia Bankruptcy Court found that there had been a lengthy series of bankruptcy cases filed for the purpose of delay and granted Appellee's motion on December 5, 2019. [Doc. 1-2]. On December 10, 2019, Appellant filed her Notice of Appeal. [Doc. 1-1].

## STANDARD OF REVIEW

When reviewing bankruptcy proceedings, the district court functions as an appellate court. In re Walker, 515 F.3d 1204, 1210 (11th Cir. 2008). As such, conclusions of law are reviewed *de novo* and findings of fact are reviewed for clear error. See In re Club Assocs., 951 F.2d 1223, 1228-29 (11th Cir. 1992) ("The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*."). At issue in this case is a decision to lift the automatic stay. Importantly, "[a] decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir. 1989). An abuse of discretion occurs if the bankruptcy judge applies an incorrect legal standard, fails to follow proper procedures or makes clearly erroneous findings of fact. See In re Hillsborough Holdings Corp., 127 F.3d 1398, 1401 (11th Cir. 1997) (discussing the abuse of discretion standard).

## ANALYSIS

Ordinarily, when a party files a voluntary bankruptcy petition, as Appellant did here, the filing triggers an automatic stay that protects a debtor "against actions to enforce, collect, assess or recover claims against the debtor or against property of the estate." United States v. White, 466 F.3d 1241, 1244 (11th Cir. 2006)

(citing 11 U.S.C. § 362(a)).  Under certain circumstances, however, a bankruptcy court can grant relief from the automatic stay upon the request of a "party in interest."  11 U.S.C. § 362(d).  Specifically, the bankruptcy court shall grant relief from a stay

> if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

Appellant presents two different arguments on appeal.  First, she argues that the evidence did not support the finding that her previous bankruptcy filings were part of a scheme to delay or hinder.  Second, she argues that the Georgia Bankruptcy Court erred when it concluded that Appellee's standing to bring the Motion for Prospective Relief from Automatic Stay was irrelevant.

1. <u>Evidentiary Support</u>

In Appellant's first argument, she primarily complains that there was no witness testimony or actual documentary evidence presented to the court concerning her previous bankruptcies.  This argument is without merit as Appellant's bankruptcy filing history is public record.  After review, this Court finds that the evidence supported relief under 11 U.S.C. § 362(d)(4). Relying, at

5

least in part, on the detailed findings by the Florida Bankruptcy Court, the Georgia Bankruptcy Court meticulously explained Appellant's fourteen bankruptcy filings (two Chapter 7 cases and twelve Chapter 13 cases) and emphasized that most of them were dismissed based on Appellant's failure to comply with the Bankruptcy Code or other procedural rules.  Specifically, in the Chapter 13 cases, Appellant routinely failed to file Chapter 13 plans, make payments pursuant to the plans or even file schedules.  The Georgia Bankruptcy Court rightfully concluded that Appellant's purpose for repeatedly filing bankruptcy was not to seriously pursue bankruptcy but to simply hinder and delay foreclosure.  Appellant's argument that it was Appellee who is responsible for any delay is unavailing because the argument does not address or justify Appellant's multiple failures to file schedules, make payments or comply with bankruptcy rules.  Ultimately, under the circumstances presented here, this Court finds that the Georgia Bankruptcy Court was well within its discretion to decide that Appellant's fourteen bankruptcy filings within the past nine years evidenced an intent to delay and hinder any attempts to enforce the security interest on her home.  See Owens v. GMAC Mortg., LLC, No. 1:11-cv-3442-JEC, 2012 WL 4381877, at *5 (N.D. Ga. Sept. 25, 2012) (holding that five bankruptcies filed in two years evidenced an intent to delay and hinder).

2. <u>Standing</u>

As stated previously, Appellant also argues that the Georgia Bankruptcy Court erred in determining that it need not decide whether Appellee had standing to bring the motion. During the hearing, the Georgia Bankruptcy Court stated that Appellee's standing to bring the motion was irrelevant

> because [Appellee] is the only person that has showed up in this bankruptcy case with regard to this claim. And unless there's evidence that at some other point somebody else took a position on this mortgage in some other bankruptcy case, that is good enough to establish that they have standing to enforce what they contend are their rights.

[Doc. 3-112, p. 15]. The Georgia Bankruptcy Court went on to state that

> [i]n my judgment if a creditor is the only one that shows up in the bankruptcy court trying to enforce this debt when payments have not been made for a significant amount of time, it is reasonable to assume that, that lender is the person that's entitled to worry about that problem.

<u>Id.</u> at 15-16. Although Appellant's repeated abuse of the bankruptcy process seems clear to this Court—especially after the obvious forum shopping attempt—this Court agrees with Appellant that the Georgia Bankruptcy Court erred in assuming that Appellee had standing to pursue its motion.

The plain language of 11 U.S.C. § 362(d) provides that requests for relief from the stay are permissible if made by "a party in interest." Because those who are not parties in interest are not permitted to seek a relief from the stay, this Court

finds that the Georgia Bankruptcy Court should have decided the threshold issue of whether Appellee was a party in interest before granting relief. Allegations determine whether a party has standing. In re Basson, 713 F. App'x 987, 987 n.1 (11th Cir. 2018). "To have statutory standing in a bankruptcy case, a party must be a 'party in interest.'" Id. at 987. Typically, both creditors and loan servicers are parties in interest. Baker v. Bank of Am., N.A., No. 20-10780, 2020 WL 7706473, at *4 (11th Cir. Dec. 29, 2020).

In this case, Appellee does nothing more than identify itself as the servicer for the Bank of New York Mellon. This is not enough. The single conclusory allegation contained in Appellee's motion was unsupported by any documentary evidence. Specifically, Appellee alleged in its motion that the loan is "currently serviced by Movant and a copy of the Agreement, together with an applicable servicing agreement or Power of Attorney, is attached hereto as Exhibit 'A.'" [Doc. 3-16, p. 1]. Despite this assertion, however, neither the servicing agreement nor Power of Attorney naming Appellee as the servicer was attached to Appellee's motion. Without these attachments, this Court finds that the single allegation fails to show that Appellee has a legal interest in the property as either a representative of the secured creditor or the servicer of the loan. Because Appellee has not shown standing, this Court finds that the Georgia Bankruptcy Court erred in granting

relief from the stay. On remand, Appellee need only show that it is a representative of the Bank of New York Mellon or the loan servicer—nothing more. See Baker, 2020 WL 7706473, at *4 (holding that a showing that an entity is a loan servicer and a representative of the secured creditor is "all that is required" to establish standing). See also Basson, 713 F. App'x at 988 (concluding that allegations that an entity was the holder of a promissory note combined with supporting documents such as copies of the note, the deed and assignments were sufficient to establish standing). Appellee need not show that the mortgage is valid or that the assignment was supported by consideration.

## CONCLUSION

For the foregoing reasons, the Georgia Bankruptcy Court's Order Granting Motion for Prospective Relief with Finding Pursuant to 11 U.S.C. § 362(d)(4) is **REVERSED**, and the case is **REMANDED** for further proceedings in accordance with this opinion.

**SO ORDERED** this 3rd day of March, 2021.

J. P. BOULEE
United States District Judge